# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A),

      **Plaintiff,**

v().                                                                             Case No: 6:23-cv-1883-CEM-DCI

DONALD L. MCBATH, DONNA R.
BASSETT, BRENDA MCBATH, as
personal representative of the ESTATE
OF DANIEL P. MCBATH,

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendants Donald L. McBath and Donna R. Bassett's Motion for Leave to Amend Answer to Add Counterclaim and Third-Party Complaint (Doc. 42)** |
| **FILED:** | **July 7, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff, as a disinterested stakeholder, filed this interpleader action regarding life insurance policy death benefits. Doc. 1. Defendants have made claims to the death benefits and Plaintiff filed the Complaint to avoid potential multiple liability. Doc. 1; Doc. 36 at 3. On December 1, 2023, Defendants Donald McBath (McBath) and Donna S. Bassett (Bassett) filed their Answer to the Complaint. Doc. 20. On December 20, 2023, the Court entered the Case

Management Scheduling Order (CMSO) and set February 19, 2024 as the deadline to join a party or amend pleadings. Doc. 27.

On July 16, 2024, Defendants McBath and Bassett filed the pending Motion for Leave to Amend the Answer to Add a Counterclaim and Third-Party Complaint pursuant to Federal Rules of Civil Procedure 15 and 16. Doc. 42 (the Motion). Defendants McBath and Bassett state the central issue in dispute is the beneficiary designation in an assignment which changed the insurance policy beneficiaries from "children born of the marriage equally or the survivors," to "[t]he Assignee or his estate[.]" *Id*. at 2. Defendants McBath and Bassett contend that the change was contrary to the decedent's intent and Plaintiff produced relevant tape recordings of telephone calls between Plaintiff and its authorized agent. *Id*. Defendants McBath and Bassett assert that the agent believed that the assignment designated the decedent's adult children, or the survivor of them, as beneficiaries. *Id*.

According to Defendants McBath and Bassett, the agent was the decedent's financial advisor and "the individual who procured [the decedent's] execution of the assignment altering the beneficiary designation." *Id*. at 2. Defendants McBath and Bassett request leave to amend to add a "compulsory counterclaim for damages" against Plaintiff based on the agent's alleged negligence and to add a third-party complaint against the agent. *Id*. Plaintiff has filed a response in opposition and claims that the request is untimely and does not state good cause for an extension of the Court's deadline and the proposed amendment does not state plausible claims for relief and is futile. Doc. 47.

The undersigned will not address the plausibility of the proposed amendment because he agrees that Defendants McBath and Bassett have not met the good cause standard for modification of the scheduling order. Rule 16(b)(4) provides that a case management and scheduling order

"may be modified only for good cause and with the judge's consent."  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).  The CMSO also states that "[a]ll motions for extension of deadlines must be filed ***promptly*** and must state good cause for the extension.  A motion for extension of time should not be filed on the day of the deadline."  Doc. 27 at 3 (emphasis added).

While Defendants McBath and Bassett state that good cause exists to extend the Court's deadline because they only learned of the information regarding the agent's alleged negligent advice and procurement during discovery,[1] absent from the Motion is the date Plaintiff produced the relevant information.  *See* Doc. 42.  The deadline to amend expired five months before Defendants McBath and Bassett filed the Motion and they do not address in any regard why they could not comply with the schedule despite their diligent efforts.  Accordingly, the Motion is deficient, and the undersigned recommends that Defendants McBath and Bassett are not entitled to relief.

Diligence seems to be especially lacking given Plaintiff's representation that "Defendants received [the] discovery responses on February 21, 2024" which was just a few days after the relevant deadline elapsed.  Doc. 47 at 9.  Assuming *arguendo* Defendant McBath and Bassett did not have a basis for bringing the compulsory counterclaim or third-party complaint when they filed their answer—this fact appears to be in dispute (*see* Doc. 47 at 8)—there is simply nothing before the Court to explain why they waited to file the Motion until July 16, 2024, when they received the supporting information back in February 2024 through discovery.

---

[1] Discovery is still open in this matter.  *See* Doc. 27.

Based on the foregoing, the undersigned finds that Defendants McBath and Bassett have not established good cause under Rule 16. *See Donley v. City of Morrow, Georgia*, 601 Fed. Appx. 805, 811 (11th Cir. 2015) ("Lack of diligence in pursuing a claim is sufficient to show lack of good cause."); *see also Travelers Companies, Inc. v. Carrillo*, 2014 U.S. Dist. LEXIS 206068, 2014 WL 12868911, at *1 (M.D. Fla. Apr. 22, 2014) ("[T]hey have not convincingly explained why they waited until late March 2014 to try to add their trade-secret claim even though they had discovered sufficient facts for the claim at least as early as January 2014."); *Targus Int'l LLC v. Grp. III Int'l, Inc.*, 2022 WL 17736368, at *4 (S.D. Fla. Dec. 16, 2022) ("[G]roup III's decision to wait over a month, after discovering the alleged discovery violation and the relevant prior-art physical products, before raising the amendment issue with Targus, [] evince[s] a lack of diligence in and of itself.").

As such, the undersigned will not reach the issue of whether leave to amend is appropriate under Rule 15. *See Sosa*, 133 F.3d at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

Based on the foregoing, the undersigned recommends that the Motion (Doc. 42) be **DENIED**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on September 6, 2024.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties