UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),**

      **Plaintiff,**

v.                                                      Case No. 6:23-cv-1883-CEM-DCI

**DONALD L. MCBATH, DONNA R. BASSETT, and BRENDA S. MCBATH,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Interpleader Relief and Final Judgment of Discharge ("Motion," Doc. 36), to which Defendant filed Responses (Doc. Nos. 38 & 45) and Plaintiff filed Replies, respectively (Doc. Nos. 46 & 53). Defendant Bassett also filed a Notice of Supplemental Authority. (Doc. 56). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 58), recommending that the Motion be granted in part and denied in part. (*Id.* at 8). Plaintiff filed Objections (Doc. 60).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See*

*also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff only objects to the Magistrate Judge's recommendation that attorneys' fees be denied in this interpleader action. (Doc. 60 at 2). "In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). "The usual practice is to tax the costs and fees against the interpleader fund . . . ." *Id.* The R&R found that attorneys' fees were not warranted here because the interpleader action was in Plaintiff's normal course of business. *See Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 383 (11th Cir. 1994). ("[C]ourts have determined that attorneys' fees are not warranted . . . when a stakeholder's interpleader claim arises out of the normal course of business.").

The *Mandalay Shores* Court explained its rationale further as to insurance companies that "will use interpleader as a tool to allocate proceeds and avoid further liability." *Id.* "Unlike innocent stakeholders who unwittingly come into possession

of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." *Id.*

Plaintiff argues that this action is beyond its normal course of business because of the protracted nature of the litigation, which caused it to incur greater fees than usually expected in an interpleader action. (Doc. 60 at 2). Plaintiff also argues that the request, if granted, would not significantly diminish the value of the fund. (*Id.* at 7). Although the attorneys' fees requested here would account for less than 2% of the interpleader fund and are "quite minor," *Mandalay Shores*, 21 F.3d at 383, the Court finds this case is within the normal course of Plaintiff's business. And while Plaintiff cites a case where this Court awarded attorneys' fees for an interpleader action, the circumstances that placed that case outside the normal course of business involved problems with effectuating proper service. *See John Hancock Life Ins. Co. (U.S.A.) v. Rayfield*, No. 6:19-cv-1270-CEM-EJK, 2021 WL 7451900, at *1 (M.D. Fla. June 3, 2021), *report and recommendation adopted sub nom. John Hancock Life Ins. Co. v. Rayfield*, 2021 WL 7451901 (M.D. Fla. July 29, 2021) (awarding attorneys' fees when the plaintiff "encountered . . . issues that arose in effectuating proper service on Ms. Rayfield).

Here, Plaintiff cites "extensive discovery requests," which resulted in it staying the action, and Defendants "unnecessarily oppos[ing] what should be a straightforward interpleader relief." (Doc. 36 at 8, 9; Doc. 60 at 5). In the attorneys'

fees calculation, Plaintiff cites time spent on the following tasks: (1) "reviewing the docket, claim file materials, and other items, as well as communicating with my client identifying current litigation strategy"; (2) "drafting and preparing the interpleader complaint, reviewing the answer to the complaint, along with performing other tasks associated with preparing pleadings"; (3) "drafting and preparing other non-dispositive motions for this case, along with performing other tasks associated with drafting non-dispositive motions"; (4) "reviewing documents and telephone calls for production, drafting a privilege log, and other tasks associated with responding to discovery and producing documents"; (5) "preparing for and attending conferences with opposing counsel"; and (6) "reviewing and redacting documents and telephone calls for producing in this case," which was performed by a paralegal. (Doc. 36-2 at 4–5). However, motions practice, discovery, and the other listed tasks—unlike issues effectuating service—are typical of litigation.

     Plaintiff provides no other evidence or explanation as to why the circumstances in case remove it from its normal course of business. Furthermore, the interpleader fund totals $789,164.42—a sizable sum of money. Protracted litigation in this instance is not outside the realm of foreseeability. As the Magistrate Judge explained, "even if the litigation has been protracted by Defendants, 'the costs of these occasional interpleader actions are foreseeable and the insurance company

easily may allocate the costs of these suits to its customers.'" (Doc. 58 at 8 (citing *Mandalay* Shores, 21 F.3d at 383)). Therefore, the Court finds that attorneys' fees are not justified in this case.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 58) is **ADOPTED**.
2. Plaintiff's Objections (Doc. 60) are **OVERRULED**.
3. Plaintiff's Motion for Interpleader Relief and Final Judgment of Discharge (Doc. 36) is **GRANTED in part** and **DENIED in part**.
    a. Plaintiff's request for interpleader is **GRANTED** and Plaintiff is discharged from the remainder of this case.
    b. The remainder of the Motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record